EMERSON–BRANTINGHAM IMPLEMENT CO. v. GARTIN et al.   (No. 7887.)

(Court of Civil Appeals of Texas. Dallas. Jan. 19, 1918. Rehearing Denied Feb. 9, 1918.)

TRIAL ☞251(7)—QUESTIONS FOR JURY—CONFORMITY TO ISSUES.

In suit on note, where defendant pleaded that plaintiff had bought realty from him, giving credit on the indebtedness, but that he was entitled to additional credit, and asked that the note be canceled, and plaintiff alleged that the deed was a mortgage, and it was shown that plaintiff had reconveyed to defendant, who had recorded the deed, the issue whether the deed was absolute or a mortgage was not in the case, and it was error to submit it to the jury.

Appeal from Dallas County Court; T. A. Work, Judge.

Action by the Emerson-Brantingham Implement Company against J. B. Gartin and others, wherein defendant filed a cross-bill. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Spence & Haven and W. J. Rutledge, Jr., all of Dallas, for appellant. Mays & Mays, of Ft. Worth, for appellee.

RAINEY, C. J. Appellant sued the appellees on a note for $448.88, with 10 per cent. interest and 10 per cent. attorney's fees, executed by J. B. Gartin and to subject a certain stock of merchandise sold by said Gartin to appellees Willis and one Rutledge under the Bulk Sales Law to the payment thereof. Willis failed to answer, and Rutledge disclaimed any interest in the stock of merchandise, but was merely an employé of Wil-

lis. Gartin answered by general denial and plea of payment, and that·he had delivered to plaintiff collateral notes in an amount more than sufficient to satisfy all of his indebtedness to plaintiff, and that thereby said indebtedness had been paid, and that he was entitled to credit of $650 on said indebtedness by reason of the fact that plaintiff had bought a house and lot from defendant for $1,250, and been given credit therefor on his indebtedness, but had in fact only been given credit for $650, and he was entitled to an additional credit, for which he asked that said note be canceled and for judgment. Plaintiff, by supplemental petition, denied said cross-bill, but claimed said house and lot were.taken as a mortgage, reciting a consideration of $1,250, but that no consideration was paid, and that plaintiff would reconvey said house and lot upon Gartin, paying plaintiff $600 cash. Upon trial verdict by jury was for defendant for $201, and the court rendered judgment accordingly, and plaintiff appeals.

Appellant's first assignment of error is:

"The court erred in submitting to the jury for its determination any question as to whether or not the instrument executed by J. B. Gartin to Emerson-Brantingham Implement Company was intended by the parties as a bona fide sale ,or as a mortgage, for the reason that the overwhelming weight of the testimony is to the effect that both parties regarded said instrument to be a conveyance of said property for the purpose of securing Emerson-Brantingham Implement Company in the payment of its debt. The evidence further showed that the parties had an agreement collateral with the execution of the conveyance from Gartin to plaintiff, which agreement was to have the effect that plaintiff was to release or reconvey the. storehouse of Gartin to him and grant him an extension of time upon the balance of his indebtedness when Gartin made a payment of $600 in cash to plaintiff, and the evidence further showed that this collateral agreement was carried out between the parties, and therefore the complete transaction constituted in law a mortgage, and not a bona fide sale of the storehouse of Gartin, and the court erred in submitting such an issue to the jury for its determination, and in rendering judgment in favor of the defendant Gartin for any sum upon the jury's answet to said question."

The proposition submitted is:

"It is fundamental error for the court to submit an issue to the jury for its determination, where under all of the testimony no issue of fact is raised. 'It is the duty of the court to instruct a verdict, though there be slight testimony, if its probative force be so weak that it only raises a mere surmise or suspicion of the existence of the fact sought to be established, such testimony in legal contemplation fall-·ing short of being any evidence, and it is the duty of the court to determine whether the testimony has more than that degree of probative force.' "

The court in his charge submitted to the jury the issue whether or not the deed made by appellee Gartin to appellant to the house and lot was a conveyance of the land, or only intended as a mortgage to secure Gartin's indebtedness. The record is mostly on the issue of whether or not said conveyance was a deed or mortgage. but it conclusively shows that plaintiff agreed to convey it back to Gartin upon Gartin paying $600 to plaintiff. Gartin did make a payment of $600 to plaintiff, and said house and lot were reconveyed to Gartin, which conveyance was recorded, and he took possession of the property. Hence said issue was eliminated from the case, and the charge was calculated to mislead the jury, and it was error. The only issue for determination was, What amount, if any, was due appellant on the note sued on? The jury found that the deed was intended as a conveyance and not a mortgage, and they evidently believed from the charge that Gartin was entitled to a credit of $650 as a balance on the settlement. · The appellant asks that judgment be reversed and here rendered in its favor.

As the case appears from the record, we do not think the case was fairly tried from the verdict rendered, and the judgment will be reversed, and cause remanded.

Reversed and remanded.